UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22149-CIV-LENARD/O'SULLIVAN

DENARII SYSTEMS, LLC

    Plaintiff,

v.

JUAN CARLOS TELLEZ,
JONATHAN BARRIOS,
MARIO GIL,
ANGEL PACHECO and
JENNI GUISTI,

    Defendants.
_____/

## AGREED CONSENT ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE came before the Court in Miami, Florida on June 17, 2011 at 12:30 PM on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of law ("Motion") (D.E. 4, 6/15/11).

At the hearing, Defendants Juan Carlos Tellez, Jonathan Barrios, Mario Gil, Angel Pacheco, and Jenni Guisti stated through counsel that they consent to the entry of this Preliminary Injunction, without admitting any of the allegations of wrongdoing asserted by the Plaintiff in the Complaint (D.E. 1) and other filings.

The Court finds, and the parties agree, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Further, this Court has personal jurisdiction over Defendants because they resided in this judicial district at all times material to this action and because the acts alleged in the Complaint occurred in this district.

Accordingly, based on the stipulation of the parties it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for a Preliminary Injunction is **GRANTED** as follows.

2. This Preliminary Injunction replaces and supersedes this Court's Order (D.E. 12, 6/16/2011)

3. The following definitions apply to this Preliminary Injunction:

    a. The term "Storage Media Device" shall mean any device used to store electronic data.

    b. The term "Document(s)" shall include any and all hard copy documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, electronic mail ("e-mail"), text messages, and other data or data compilations stored in any medium, including metadata.

    c. The term "Denarii Systems' Confidential Information" shall mean trade secrets, confidential and proprietary information of Denarii Systems that Denarii Systems has not shared with persons other than employees, contractors, consultants, and owners and which Denarii Systems has taken steps to protect from public disclosure. This includes, without limitation, all of the Denarii Systems' proprietary technology, including the source code used to build the software to operate the Denarii Systems' platform as described in the Complaint and Motion.

4.  Defendants, directly or indirectly, their agents, employees, or other persons acting in concert with them, are hereby **RESTRAINED AND ENJOINED** as follows pending further order of the Court:

    (a) Defendants shall not destroy, alter, remove, secrete, or interfere with any records, Documents, data, notes, or electronically stored information, in whatever form, owned, held, or controlled by Defendants that contain Denarii Systems' Confidential Information, including the Storage Media Devices identified by Plaintiff as the Centon DS_Pro, SanDisk Cruzer, IronKeySecure_Drive, and HUAWEI MMC_Storage device that may have accessed a laptop used by Defendant Tellez. With regard to any hardware or software in Defendants' possession, custody or control that contains or has contained Denarii System's Confidential Information or e-mails, the parties' have agreed to submit an order with agreed upon procedures with regard to the joint examination, copying by counsel for purposes of this litigation, and custody of such hardware and software;

    (b) Defendants shall not use or disclose Denarii Systems' Confidential Information;

    (c) Defendants shall not use, disclose or disseminate Denarii Systems' e-mails, including without limitation e-mails addressed to or from Denarii Systems e-mail accounts, including Defendants, and shall

surrender this information to Denarii Systems to the extent it is in their custody, control, or possession;

(d) Defendants shall not use, disclose or disseminate any of Denarii Systems' electronic files transferred by Defendant Tellez to any File Transfer Protocol server;

(e) Defendants shall not use, disclose or disseminate any other Denarii Systems property taken from Denarii Systems without its permission;

(f) Defendants shall immediately preserve, account for, and transfer to Plaintiff (pursuant to the forthcoming agreed upon procedures referenced in paragraph 4(a) above) Denarii Systems' Confidential Information, Denarii Systems' property, including files, data, or other information, whether tangible or intangible, hard copy or electronic format, including any removable storage media devices on which Denarii Systems' electronic files or data were or are now stored, including the Storage Media Devices identified by Plaintiff as the Centon DS_Pro, SanDisk Cruzer, IronKeySecure_Drive, and HUAWEI MMC_Storage device that may have accessed a laptop used by Defendant Tellez;

(g) Defendants shall refrain from accessing Denarii Systems' computer hardware, computer software, private network, or e-mail accounts in any way;

4

(h) Defendants shall refrain from downloading, uploading or accessing in any way all Denarii System information and data stored or previously stored on the File Transfer Protocol (FTP) Server and any other server that Defendant Tellez used on or around and after the date of his resignation from Denarii Systems;

(i) Defendants shall cease any solicitation of Denarii Systems' clients and prospective clients with whom Denarii Systems has established business relationships using any of Denarii Systems' Confidential Information; and

(j) Defendants shall provide a full account of any Confidential Information that Defendants already have disseminated to any third parties, either in anticipation of or following Defendants' resignations.

5. In light of the parties' agreement to the entry of this preliminary injunction, there is no bond necessary to protect against the entry of a wrongful injunction, and this injunction shall become effective immediately.

The restrictions set forth in this Order shall remain in effect until the conclusion of this case, or further order of this Court.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 17 day of June, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record