UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:11-cv-22149-Williams/O'Sullivan

| | |
|---|---|
| DENARII SYSTEMS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JUAN CARLOS TELLEZ, | ) |
| JONATHAN BARRIOS, | ) |
| MARIO GIL, | ) |
| ANGEL PACHECO, | ) |
| JENNI GUISTI, | ) |
| | ) |
| Defendants. | ) |
| | / |

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs Denarii Systems, LLC ("Denarii Systems") and Juan Carlos Tellez, Jonathan Barrios, Mario Gil, Angel Pacheco and Jenni Guisti ("Defendants") (collectively, the "Parties"), subject to any future order of the Court, in consideration of the mutual promises contained herein and intending to be legally bound, that the following procedures shall govern the dissemination by the Parties of all confidential documents, testimony and all other such information or data to each other during this proceeding. ("Action")

1.      Information produced or exchanged in the course of the Action may be classified as "Confidential Information" by any party to the Action.  Such information shall be designated as confidential by a party, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.  A party will make such designation only as to that information which the party in good faith believes contains confidential information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of

Civil Procedure.

2.      "Qualified Person" as used in this Order means:

(a)      Counsel of record in this Action and employees and staff personnel of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this Action, and the parties' in-house counsel who have responsibility for the management of the Action; and

(b)      Persons retained by any party or its attorneys of record in this Action for the purpose of assisting in the preparation of this Action for trial to whom it is necessary that Confidential Information be shown for that purpose and who have first signed a document in the form of Exhibit "A" attached hereto and filed such document with the attorneys of record for the party making such Confidential Information available to such person; those attorneys shall retain all such documents until further Order of this Court; and

(c)      Any employees of parties to this Action who are actively involved in the Action.

3.      Confidential Documents shall include all documents and copies of such documents which a party has designated as Confidential either by so designating the same in its production of such documents, or by marking the initial page: "CONFIDENTIAL," or, in the case of documents or information produced by third parties pursuant to process issued in the Action, by notifying the other parties to the Action of such designation.  In lieu of marking the originals of such documents, any party may mark the copies of such documents that are produced or exchanged.

4.      Any deposition of a party or one of its present or former officers, directors, employees or agents, or of an independent expert retained by a party for purposes of this Action, or by a non-party possessing information considered confidential by a party, may be designated by that party as Confidential Information by indicating on the record at the deposition that the testimony is Confidential and subject to the provisions of this Order.  The party may also designate such deposition as Confidential by notifying all parties in writing, within twenty

business days of receipt of the full and complete transcript of said deposition.  In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered Confidential Information and subject to the provisions of this Order.  All depositions will be treated as confidential until the expiration of the twenty-day period; provided, however, that nothing contained in this Protective Order shall limit or inhibit the use of depositions in connection with the preliminary injunction or other evidentiary hearing.

     5.     Any information designated as Confidential Information shall not be made available to persons other than the Court, Qualified Persons, or the party who produced the Confidential Information.  Qualified Persons who receive Confidential Information shall use it solely for the purpose of this Action.

     6.     A party may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S AND EXPERT'S EYES ONLY MATERIAL" (hereinafter "Attorney's and Expert's Eyes Only Material") in the manner described in paragraphs 3 and 4 above.  Attorney's and Expert's Eyes Only Material, and the information contained therein, shall be disclosed only to those persons described in sub-paragraphs (a) and (b) of Paragraph 2 above.

     7.     Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the material as confidential consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

     8.     The inadvertent or unintentional disclosure by a party of Confidential Information, or information subject to an evidentiary privilege or immunity, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter, provided the party must make the

confidential designation or claim the privilege or immunity promptly following discovery of the disclosure.

9.    Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If, in connection with the pending Action, a party (the "Disclosing Party") discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege, doctrine, right, or immunity ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege, doctrine, right, or immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter. A Disclosing Party may assert in writing the attorney-client privilege, attorney work product protection, or other privilege, doctrine, right, or immunity claimed with respect to Disclosed Protected Information. The Receiving Party shall, within five (5) business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed. Within five (5) business days of the notification that such Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

10.   A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to this Action disagrees at any stage of the proceedings with the designation by a party of any information as Confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis in accordance with Local Rule 1.10(j). If the

dispute cannot be resolved informally, the party seeking the disclosure of the information may apply for appropriate relief from the Court, which shall be permitted to conduct an *in camera* inspection of the Confidential materials.   The party asserting the confidentiality of the information shall have the burden of establishing that information is entitled to confidential treatment.

11.     All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court.   Where possible only confidential portions of filings with the Court shall be filed under seal.   This Order shall not apply to the trial of this case.   Upon motion of a person claiming protection under this Protective Order, the Court will consider protection of Confidential Information at trial.

12.     At the conclusion of this Action, all originals and copies of any documents containing Confidential Information shall be returned to the producing party or destroyed, upon request by the producing party.

13.     The provisions of this Protective Order shall continue to be binding after the conclusion of this Action, except that a party may seek the written permission of the designating party or further order of the Court with respect to dissolution or modification of the Protective Order.   Such request for dissolution or modification of the Protective Order may also be made by any party at any time during the pendency of the Action.

STIPULATED AND AGREED TO:

| | |
|---|---|
| ZUMPANO PATRICIOS & WINKER, P.A. | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| *Counsel for Defendants* | *Counsel for Plaintiff* |
| 312 Minorca Avenue | Four Seasons Tower |
| Coral Gables, Florida 33134 | 1441 Brickell Avenue, Suite 1420 |
| Tel: (305) 444-5565 | Miami, FL 33131-1714 |
| Fax: (305) 444-8588 | Tel: (305) 377-1666 |
| Email: lpatricios@zpwlaw.com | Fax: (305) 377-1664 |
|         swarden@zpwlaw.com | Email: mjimenez@kasowitz.com |
| |         scosgrove@kasowitz.com |
| |         astpetergriffith@kasowitz.com |
| |         apumariega@kasowitz.com |

By: /s/ Leon N. Patricios

    LEON N. PATRICIOS
    Fla. Bar No.: 0012777
    SARAH WARDEN
    Fla. Bar. No.: 0016029

By: /s/ Audrey Pumariega

    MARCOS DANIEL JIMENEZ
    Fla. Bar No.: 0441503
    SCOTT BRIAN COSGROVE
    Fla. Bar No.: 0161365
    ANN MARIE ST. PETER-GRIFFITH
    Fla. Bar No.: 0033154
    AUDREY M. PUMARIEGA
    Fla. Bar No.: 0085206

**IT IS SO ORDERED.**

For good cause shown, the foregoing Protective Order shall be the Order of this Court.

_____   John O'Sullivan
KATHLEEN M. WILLIAMS                MAGISTRATE
United States District Judge

Dated: ____10/6/11_____

**EXHIBIT A**

I agree, in accordance with the provisions of the CONFIDENTIALITY STIPULATION

AND ORDER, to be bound thereby, and further agree that I have read the Order and understand

its terms and conditions.

Dated this _____ day of _____, _____.

_____

Signature

_____

Printed Name

_____

Business Name

_____

Phone Number